Taft, J.
There is a conflict in the evidence as to whether Bly told plaintiff, when plaintiff signed the application and paid his ten dollars, that plaintiff was covered by poliomyelitis insurance. In view of the prominent provisions in the application which plaintiff signed that "protection becomes effective noon date of policy,” it is doubtful whether plaintiff could have relied on that statement which he testified Bly made. In any event, the allegations of plaintiff’s amended petition do not refer to any such statement of defendant’s agent but rely entirely upon the claimed delay of defendant in acting upon plaintiff’s application.
Furthermore, it is conceded by plaintiff that this action is not based upon any contractual obligation of defendant. Cf. Hartford Fire Ins. Co. v. Whitman, 75 Ohio St., 312, 79 N. E., 459. Therefore the basic question to be determined is whether an applicant for a policy of casualty insurance, who pays the premium at the time of the application, may, in an action in tort, recover from the insurer damages resulting from the failure of the insurer to act upon such,application within a reasonable time. Stated another way, that ques *23 tion is whether an insurer owes any noncontractual duty to one, from whom it has solicited an application for casualty insurance and from whom it has received the premium to be paid for such insurance, to act upon such application within a reasonable time. Obviously, in the absence of such a duty, there can be no basis for recovery for a failure to act upon such application.
The courts of last resort in this country have been in disagreement on the answer to that question. It will serve no useful purpose to discuss the numerous conflicting decisions or the reasons given therefor. They are referred to in a recent comprehensive annotation entitled “Rights and Remedies Arising Out of Delay in Passing Upon Application for Insurance,” 32 A. L. R. (2d), 487 to 539, inclusive. As stated in an article by William L. Prosser entitled “Delay in Acting on an Application for Insurance,” 3 University of Chicago Law Review, 39, 43:
“An examination of the * * * cases sustaining the liability of the insurance company for unreasonable delay immediately reveals the fact that there is more agreement upon the conclusion that the company should pay than upon any process of reasoning to support it * * *.”
Our attention has been called to no statute which imposes any such duty on an insurer.
In the absence of statute, the recognition of any such duty would appear to be entirely inconsistent with elementary principles of the common law as heretofore understood in this state. From an examination of the written application signed by plaintiff, it is apparent that it represents at most a written offer to the defendant insurer which contemplates that it may be accepted by the defendant by the issuance of a certain kind of insurance policy. There is no claim that it was accepted by or on behalf of defendant before defendant issued the policy on Septena *24 ber 8. Certainly, defendant was under no duty to accept the offer. Probably, if defendant did not accept the offer within a reasonable time, it could not accept it so as to impose upon plaintiff, without some further assent of plaintiff, the contract, which plaintiff had indicated that he was willing to make with defendant if his offer was accepted within a reasonable time. In such an instance, it would be the duty of defendant to return the premium to plaintiff. We know of no principle of the common law which imposes upon an offeree any further duty to act upon an offer which he receives, even though he may have solicited that offer.
The judgment of the Court of Appeals is reversed and that of the Common Pleas Court is affirmed.

Judgment reversed.

Middleton, Hart and Stewart, JJ., concur.